UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HSBC BANK USA, N.A.,

                                  Plaintiff,

-against-

HUNTER DELIVERY SYSTEMS, INC., d/b/a
HUNTER DELIVERY SYSTEMS, INC. and
MICHAEL SECONDO a/k/a MICHAEL C.
SECONDO, MICHAEL CHARLES SECONDO,
individually,

                                  Defendants.

HUNTER DELIVERY SYSTEMS, INC., d/b/a
HUNTER DELIVERY SYSTEMS, INC. and
MICHAEL SECONDO a/k/a MICHAEL C.
SECONDO, MICHAEL CHARLES SECONDO,
individually,

                                  Third-Party Plaintiffs,

-against-

UNITED STATES SMALL BUSINESS
ADMINISTRATION, WILLIAM YOUNG, in an
official capacity, and RACHEL BARANICK, in an
official capacity,

                                  Third-Party Defendants.

No. 09 Civ. 5562 (LTS)(HBP)

---

LAURA TAYLOR SWAIN, U.S.D.J.

### MEMORANDUM OPINION AND ORDER

        This action arises from defaults on a loan agreement and guaranty delivered to plaintiff HSBC Bank, USA, N.A. ("HSBC" or "Plaintiff") by defendants Hunter Delivery Systems, Inc. ("HDS") and Michael Secondo ("Secondo" and, with HDS, "Defendants") pursuant to the SBAExpress Loan Program of third-party defendant United States Small Business Administration

("SBA"). Defendants have asserted various counterclaims and commenced the third-party action against the SBA. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. Removal to this district was proper under 28 U.S.C. § 1442(a)(1) which provides, inter alia, that a civil action commenced in a State court against any agency of the United States or agency employee sued in their official capacity "may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending."

Before the Court are HSBC's motions for summary judgment and for dismissal of Defendants' counterclaims pursuant to Federal Rules of Civil Procedure 56 and 12(b)(6) respectively; Defendants' cross-motion for summary judgment pursuant to Rule 56, and Third-Party Defendant SBA's motion to dismiss the third-party complaint pursuant to Rules 12(b)(1) and 12(b)(6). For the following reasons, Plaintiff's motion is granted, Defendants' motion is denied and Third-Party Defendants' motion is granted.

### BACKGROUND AND PROCEDURAL HISTORY

The following material facts are undisputed.[1] On or about December 20, 2004, HSBC Bank USA, N.A., ("HSBC" or "Plaintiff") entered into an "Agreement for Revolving Credit Term Loan" (the "Loan Agreement") with Hunter Delivery Systems, Inc. ("HDS"), in the amount of one hundred thousand dollars. (Pl. 56.1 St. ¶¶ 1-2.) HDS was a "home-based Delaware S-

---

[1] HSBC has submitted a Local Civil Rule 56.1 Statement ("Pl. 56.1 St.") in accordance with Local Rule 56.1(a). Citations herein to HSBC's Local Rule 56.1 Statement incorporate by reference citations to the underlying evidentiary submissions. Secondo has affirmatively represented that he, in his personal or authorized corporate capacity, entered into the agreements that HSBC has proffered as evidence. (Secondo Aff. ¶ 15.) Defendants have not submitted a Local Civil Rule 56.1 Statement as required, however, the Court has carefully considered Secondo's Affirmation in Supp. of Defs' Cross-Motion for Summ. J. and Opp. to Pl.'s Cross-Mots. for Summ. J. and Dismissal of Counterclaims ("Secondo SJ Aff."), including the section thereof entitled "Specific Responses to False Statements." (Secondo SJ Aff. ¶¶ 99-104.) Secondo's affidavit does not present facts controverting those proffered in HSBC's Local Civil Rule 56.1 Statement and its related evidentiary submissions.

corporation" wholly owned by Secondo.  (Secondo SJ Aff. ¶¶ 1-2.)  The loan was made pursuant to the SBA's "SBAExpress" Loan Program.  (Pl. 56.1 St. ¶ 1.)  See Section 7(a) of the Small Business Act,  15 U.S.C. § 631, et seq.  On December 20, 2004, HDS, by Secondo, executed a "General Security Loan Agreement" (the "Security Agreement") which granted HSBC a blanket security interest in HDS' personal property.  (Id. ¶ 3.)  The Loan thus was secured by certain issued and pending HDS patents (the "Patents" or the "Collateral").[2]  (Secondo SJ Aff.  ¶¶ 2-3.)  The closing of the Loan, scheduled for December 20, 2004, was adjourned at Secondo's request in order to allow him additional time to review the Borrower's Certificate.  (Pl. 56.1 St. ¶ 5.)

On December 23, 2004, Secondo, as HDS' authorized representative, executed the Borrower's Certificate.  (Id. ¶ 6.)  On December 23, 2004, Secondo, in his personal capacity, executed an Unlimited Continuing Guaranty (the "Guaranty").  (Id. ¶ 7.)  Paragraph 4(b) of the Guaranty expressly provides that, in the event of a default, the Guarantor  (Secondo) shall immediately pay all of HDS' obligations "without deduction by reason of any setoff, defense or counterclaim of Debtor."  (Id. ¶ 8.)  Paragraph 4(c) of the Guaranty expressly provides that Secondo's obligations under the Guaranty are not affected by and that he waived objections relating to, inter alia, loss of or failure to preserve the Collateral and failure by HSBC in enforcing its claims against Secondo or the Collateral.  (Id. ¶ 9.)

The Loan Agreement provides for a non-default interest rate of 2.25% over HSBC's prime interest rate, and a default interest rate of an additional 3% over the non-default rate (i.e., a total of 5.25% over the HSBC prime rate).  (Id. ¶ 10.)  The Loan Agreement further provides that HDS is responsible for HSBC's costs, expenses and attorneys' fees incurred in enforcing the Loan

---

[2] Prior to entering into the Loan, Secondo provided HSBC with a Business Plan that identified U.S. Patent No. 6,766,816, *Collapsible Dispensing System* along with pending applications in other countries.  (Secondo Aff. ¶ 44.)

Agreement. (Id. ¶ 11.) In the Guaranty, Secondo agreed to pay on demand the costs, expenses and attorneys' fees incurred in enforcing the Guaranty and/or collecting amounts owed by HDS. (Id. ¶ 12.)

Secondo dissolved HDS on December 30, 2008 in an attempt to avoid forfeiting the Collateral in an unrelated case in New York State Supreme Court. (Secondo SJ Aff. ¶¶ 2, 5.) See ReSeal International Limited Partnership and ReSeal International Corporation v. Michael Secondo, Hunter Group, Inc. and Hunter Delivery Systems, Inc., Index No. 60302/2007. (The "ReSeal Action"). Secondo did not inform HSBC about the ReSeal Action until December 8, 2008, more than one year after it had been commenced. (Pl. 56.1 St. ¶ 19.) The New York State Court ordered HDS to forfeit the Collateral following the entry of default judgment in the ReSeal Action on January 26, 2009.

HSBC provided statements of account to HDS on a regular basis. (Id. ¶ 13.) HDS failed to make the payment on the loan that was due on January 10, 2009. (Id. ¶ 15.) On February 11, 2009, Secondo informed HSBC and the SBA that a default judgment had been granted in the ReSeal Action and that he intended to oppose the proposed entry of judgment. (Secondo SJ Aff. ¶ 119.) On March 16, 2009, HSBC issued a demand letter (the "Demand Letter") requiring that all sums due under the Loan Documents and Guaranty be paid in full. (Pl. 56.1 St. ¶ 16.) On March 18, 2009, Secondo responded to the Demand Letter by informing HSBC about his communications with SBA and his opposition to the proposed judgment in the ReSeal Action. (Id. ¶ 14, Amd. Ans. ¶¶ 98-99.) As a result of HDS' loan default and Secondo's Guaranty default, HSBC is owed the principal amount of $74,216,17 outstanding under the terms of the Loan Agreement, along with interest, fees and other costs. (Pl. 56.1 St. ¶ 20.)

On April 9, 2009, HSBC initiated the instant action against Secondo and HDS in New York State Supreme Court to recover amounts due under the Loan (the "HSBC Action"). On

May 22, 2009, Secondo, as successor and assignee of HDS, filed a notice of removal to the Southern District of New York.  On June 1, 2009, Secondo served a verified answer in the HSBC Action in New York State Supreme Court.  (Kaplan Aff. Ex. B.)  On June 16, 2009, in state court, Secondo filed a summons and third-party complaint against the United States Small Business Administration ("SBA"), and two of its employees, William Young and Rachel Baranick (collectively, the "SBA Defendants" or "Third-Party Defendants") in the HSBC Action.  On June 16, 2009, Secondo "withdrew" his original notice of removal and filed an amended notice of removal, including the third-party action against the SBA Defendants, to this Court.  (Docket Entry No. 1 in this action.)  On July 13, 2009, the SBA Defendants filed a notice of removal to this Court.  (Docket Entry No. 6.)  On August 3, 2009, HSBC sent a letter indicating that it was rejecting HDS' answer on the grounds that it was untimely.  (Docket Entry No. 11.)  On August 17, 2009, during a conference before Magistrate Judge Pitman, HSBC stipulated that it would accept HDS' answer, but HSBC did not waive its right to object to or otherwise move against HDS's answer.  (Kaplan Reply Aff. Ex. L, PP. 28-29.)

*HSBC's Summary Judgment Motion*

    Summary judgment should be rendered when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is therefore entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  For the purposes of summary judgment, the Court must construe the evidence in the light most favorable to, and draw all inferences in favor of, the non-moving party.  Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009).  The moving party bears the burden of establishing the absence of any genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Nevertheless, "Rule 56(c) mandates the entry of

summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party cannot avoid summary judgment through vague assertions regarding the existence of disputed material facts, or "defeat the motion through mere speculation or conjecture." W. World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990).

When cross-motions for summary judgment are filed, "the standard is the same as that for individual motions for summary judgment." Natural Res. Def. Council v. Evans, 254 F. Supp. 2d 434, 438 (S.D.N.Y. 2003). "The court must consider each motion independently of the other and, when evaluating each, the court must consider the facts in the light most favorable to the non-moving party." Id. (citing Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001)).

To establish its claim for breach of contract under New York law, HSBC must show: (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages. Rosenblatt v. Christie, Manson & Woods Ltd., 195 Fed. Appx. 11, 12 (2d Cir. 2006). These elements are satisfied here because there is no dispute that (1) the loan documents were signed by Mr. Secondo in his personal and/or authorized corporate capacity; (2) HDS received $100,000 pursuant to the terms of the loan, which it retained for over four years; (3) HDS defaulted by failing to make its monthly payments, entitling Plaintiff to accelerate the amounts due under the loan; and (4) HSBC has suffered damages as a result of the non-payment.

To establish that it is entitled to recover under the terms of the Guaranty under New York law, HSBC must show: (1) that it is owed a debt from a third party; (2) that the defendant made a guarantee of payment of the debt; and (3) that the debt has not been paid by either the third party or the defendant. Es-Tee Realty Co., LLC v. Soumekhian, 323 Fed. Appx. 3, 4 (2d Cir. 2008). These elements are satisfied here because there is no dispute that (1) HSBC loaned the

money to HDS; (2) Mr. Secondo executed the personal guaranty and (3) HDS has defaulted under the terms of the loan.

It is thus clear that HSBC is entitled to recover under the terms of the Loan and the Guaranty. While Defendants have submitted volumes of information relating to the ReSeal Action, the Loan Agreement and the policies of the SBA, they have not proffered any evidence framing any genuine issue of material fact with respect to their contractual liability, nor have they refuted the legal authority proffered by HSBC. Similarly, the Defendants' submissions are devoid of any facts or coherent legal arguments relating to their cross-motion for summary judgment. The Court has, furthermore, carefully considered the Defendants' affirmative defenses and finds them to be without merit.[3] Accordingly, HSBC's motion for summary judgment is granted, and Defendants' cross-motion is denied.

*HSBC's Motion to Dismiss*

In deciding a motion to dismiss a counterclaim for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the allegations in the counterclaim as true and draw all reasonable inferences in the counterplaintiff's favor. See New

---

[3] Secondo has asserted the affirmative defenses of laches, failure to mitigate damages, supervening impossibility, illegality and addition of an illegal party.
None warrants denial of relief to HSBC. Defendants' assertion of laches and failure to mitigate damages due to HSBC's failure to assist Defendants' in resisting the ReSeal Action are factually and legally unfounded. As noted infra, no plausible basis has been plead for Defendants' assertion that HSBC owed it a fiduciary duty to assist in its defense of the ReSeal Action and, in any event, Defendants' never notified HSBC of that action until the entry of default judgment was imminent. Secondo has proffered neither any facts nor legal explanation in support of the supervening impossibility and illegality defenses, and both are patently unmeritorious. Lastly, Delaware law provides that a dissolved corporation continues its existence for three years. See Del. Code Ann. tit. 8 § 278 (2010). Therefore, HDS is a proper party.

York Mercantile Exchange v. Intercontinental Exchange, 323 F. Supp. 2d 559, 561 (S.D.N.Y. 2004) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., quoting Bell Atlantic v. Twombly, 550 U.S. at 556.

Secondo has asserted five counterclaims, in his First Amended Answer, for (1) conspiracy to violate federal civil rights laws, 42 U.S.C. §§ 1985 and 1986; (2) breach of fiduciary duty; (3) fraudulent inducement; (4) fraud; and (5) tortious interference with Secondo's management of HDS. In an answer filed separately by Secondo on its behalf, HDS asserts two additional counterclaims – for dismissal of the action as against it or Secondo such that only one defendant would remain, arguing that the dissolution of HDS renders the maintenance of the action against both Secondo and HDS improper.[4] In his response to the motion, Secondo appears to abandon the counterclaims for breach of fiduciary duty and tortious interference.[5]

A claim made pursuant to 42 U.S.C. § 1986 cannot be sustained in the absence of a primary claim under 42 U.S.C. § 1985. Secondo does not specify which provision(s) of § 1985 he

---

[4] HDS had originally asserted two counterclaims, however, Secondo withdrew the purported seventh counterclaim at an August 17, 2009, conference before Magistrate Judge Pittman.

[5] The Court notes that Secondo's submissions fail to indicate whether his tortious interference claim is for interference with contract or with prospective economic relations. In either event, the counterclaim is premised on "restraints" placed on HDS via the Loan, i.e., a prohibition against incurring additional debt, adding officers and directors etc. The Court has considered both of the aforementioned theories and finds that Secondo's pleadings and submissions are insufficient to indicate the he could plead facts sufficient to make out the cause of action under either theory.

relies on, nor does his answer or any element of the extensive factual record in support of the summary judgment motions arising from the same set of events provide any plausible factual support for these federal counterclaims. Accordingly, HSBC's motion will be granted insofar as it seeks dismissal on the merits of Secondo's federal counterclaims.

Secondo's rambling pleadings and the remainder of the record before the Court similarly fail to reveal any plausible factual basis for the remaining counterclaims. Secondo proffers neither facts nor law indicative of any fiduciary relationship between HSBC and himself or HDS, nor any basis for any tort causes of action premised on HSBC's exercise of its rights under the Loan Agreement and the Guaranty. He points to no conduct extraneous to the loan contracts that could support a cause of action for fraudulent inducement. See Bridgestone/Firestone v. Recovery Credit Servs., 98 F.3d 13, 20 (2d Cir. 1996). Secondo's allegation that an HSBC representative told him that the transaction terms were "non-negotiable" is as a matter of law an insufficient basis for a claim of fraud or fraudulent inducement. His characterization of the loan documents as "illegal" is insufficient to provide the necessary factual support for any of his counterclaims. Nor does Secondo's contention that naming him and HDS as defendants is improper have any merit: HDS signed the loan agreement, Secondo signed the Guaranty and, notwithstanding the actions Secondo took to dissolve HDS, that company continues under Delaware law for purposes of litigation (Del. Code Ann. tit. 8 § 278 (2010)). The Court has considered all of Defendants' arguments in opposition to the motion to dismiss the counterclaims and finds them without merit. HSBC's motion will therefore be granted, and all of Defendants' counterclaims will be dismissed with prejudice.

*The SBA Defendants' Motion to Dismiss*

Secondo and HDS have asserted third-party claims against the SBA Defendants for

breach of fiduciary duty and conspiracy to violate federal civil rights laws.  The SBA has moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Federal Rule of Civil Procedure 14(a) permits the commencement of a third-party action against "a nonparty who is or may be liable to (the defendant) for all or part of the claim against it." Fed. R. Civ. P. 14(a).  "Rule 14(a) provides a procedural mechanism whereby a defendant can have derivative, contingent claims against others not originally parties to the action adjudicated contemporaneously with the claims against it: it does not create new substantive rights against those other parties." Gayle Martz, Inc. v. Sherpa Pet Group, LLC, 651 F. Supp. 2d 72, 85 (S.D.N.Y. 2009), quoting Crews v. County of Nassau, 612 F. Supp. 2d 199, 203-04 (E.D.N.Y. 2009).

It is well settled that a third-party action, also known as an impleader action, must be dependent on, or derivative of, the main claim.  Bank Of India v. Trendi Sportswear, Inc., 239 F.3d 428, 438 (2d Cir. 2000).  See also Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984) (explaining that the third-party defendant's liability to the third-party plaintiff must be "dependent upon the outcome of the main claim" or the third-party defendant must be "potentially secondarily liable as a contributor to the defendant.") (citations omitted)).

Defendants' third-party claims seek over one million dollars in damages from the SBA for alleged breaches of fiduciary duty and civil rights violations.  Plaintiff HSBC's claims in this action are, however, for breach of contract and guaranty and seek principally to recover the outstanding loan balance of $74,216,17.  The outcome of HSBC's case has no bearing on Secondo's claims against the SBA Defendants and he proffers no coherent legal argument at to why the SBA Defendants are derivatively liable for the debt owed to HSBC.  Accordingly, the claims against the SBA are dismissed as improper under Rule 14(a).  While dismissal is without prejudice, Secondo is reminded that any further pursuit of such claims is, like all federal pleadings, subject to

potential sanctions under Rule 11 of the Federal Rules of Civil Procedure if plaintiff's legal or factual contentions lack the foundation required by subdivision 11(b) of that Rule.

## CONCLUSION

For the forgeoing reasons, HSBC's motion for summary judgment is granted and the Defendants' cross-motion is denied. HSBC's motion to dismiss Defendants' counterclaims is granted, with prejudice. The SBA Defendants' motion to dismiss Defendants' third-party action is granted.

This Memorandum Order resolves docket entry nos. 15, 34, and 36.

HSBC is directed to settle a proposed form of judgment, with supporting documentation and calculations as to its claims for interest and costs, by **July 9, 2010**. Any objections or counterorders to the proposed judgment must be served and filed by **July 28, 2010.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this decision would not be taken in good faith.

SO ORDERED.

Dated: New York, New York
June 28, 2010

LAURA TAYLOR SWAIN
United States District Judge